**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**RAYMOND E. SMITH,**
         **Plaintiff,**

  v.                                           **01-CV-01171
                                               (GLS)**

**COMMISSIONER OF SOCIAL SECURITY,**
         **Defendant.**

---

**APPEARANCES:**                            **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Office of Robert Selcov               ROBERT SELCOV, ESQ.
4371 Albany Post Road
Hyde Park, New York 13440

Office of Ronald B. Eskin            RONALD B. ESKIN, ESQ.
228 Central Street
Lowell, MA 01852

**FOR THE DEFENDANT:**
HON. GLENN T. SUDDABY         WILLIAM H. PEASE
United States Attorney               Assistant U.S. Attorney
PO Box 7198
100 South Clinton Street
Syracuse, NY 13261-7198

**Gary L. Sharpe
U.S. District Judge**

## **DECISION AND ORDER**

### **I. INTRODUCTION**

Raymond Smith challenges the denial of disability benefits by the Commissioner of Social Security. Smith brings this action pursuant to 42 U.S.C. § 405(g) seeking review of the Commissioner's final determination. Having reviewed the administrative record, the court affirms the Commissioner's decision.

### **II. CONTENTIONS**

Smith contends that the Administrative Law Judge (ALJ) failed to give controlling weight to his treating physicians' opinions. Smith also contends that the ALJ did not fully credit his subject complaints of pain. The Commissioner counters that substantial evidence supports the ALJ's decision that Smith was not disabled.

### **III. FACTS**

The evidence in this case is not in dispute and the court incorporates the parties' factual recitations. *See Pl.'s Br., pp. 2-7, Dkt. No. 12; Def.'s Br., p. 2, Dkt. No. 13.*

2

## IV.  **DISCUSSION**

**A.**     **Standard and Scope of Review**

A court's review of the Commissioner's final decision is limited to determining whether the correct legal standards were applied and whether substantial evidence supports the decision.  *Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)).  Although the Commissioner is ultimately responsible for determining a claimant's eligibility, the actual disability determination is made by an ALJ.  The ALJ's decision is reviewed by a court after an appeal is filed.  A court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if it appears to be supported by substantial evidence.  *Johnson*, 817 F.2d at 986.  In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision.  *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision.  42 U.S.C. § 405(g); *see Rivera v. Sullivan*, 923

3

F.2d 964, 967 (2d Cir. 1991). "Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). It must be "more than a mere scintilla" of evidence scattered throughout the administrative record. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258. However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); *see also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The court has authority to reverse with or without remand. 42 U.S.C. § 405(g). Remand is appropriate where there are gaps in the record or further development of the evidence is needed. *See Parker v. Harris*, 626

4

F.2d 225, 235 (2d Cir. 1980); *Cutler v. Weinberger*, 516 F.2d 1282, 1287 (2d Cir. 1975) (remand to permit claimant to produce further evidence). Reversal is appropriate, however, when there is "persuasive proof of disability" in the record and remand for further evidentiary development would not serve any purpose. *Parker*, 626 F.2d at 235; *Simmons v. United States R.R. Ret. Bd.*, 982 F.2d 49, 57 (2d Cir. 1992); *Carroll v. Sec'y of HHS*, 705 F.2d 638, 644 (2d Cir. 1983) (reversal without remand for additional evidence particularly appropriate where payment of benefits already delayed for four years and remand would likely result in further lengthening the "painfully slow process" of determining disability).

B.   **Five-Step Disability Determination**

The definition of "disabled" is the same for purposes of receiving Social Security Disability Insurance (SSDI) and Supplemental Security Income (SSI) benefits. To be considered disabled, a plaintiff seeking SSDI or SSI benefits must establish that he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not

5

less than twelve months ..." 42 U.S.C. §§ 423(d)(1)(A),1382c(a)(3)(A).[1]

The Commissioner uses a five-step process to evaluate SSDI and SSI claims. 20 C.F.R. §§ 404.1520, 416.920.[2] Step One requires the ALJ to determine whether the claimant is presently engaging in substantial gainful activity (SGA). 20 C.F.R. §§ 404.1520(b), 416.920(b). If a claimant is engaged in SGA, he will not be considered disabled. If the claimant is not engaged in SGA, Step Two requires the ALJ to determine whether the claimant has a severe impairment. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant is found to suffer from a severe impairment, Step Three

---

[1] In addition, a claimant's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Therefore, a plaintiff must not only carry a medically determinable impairment but an impairment so severe as to prevent him from engaging in any kind of substantial gainful work which exists in the national economy.

[2] The court notes that revised versions of these sections came into effect in September 2003. *See* 68 Fed. Reg. 51161, 51164 (Aug. 26, 2003). In the revised versions, paragraph (e) clarifies the application of the RFC determination. New paragraphs (f) and (g), with certain modifications, correspond to the prior versions' paragraphs (e) and (f), respectively. These revisions do not affect the Five-Step Disability Determination sequence. The revised versions have no effect on the outcome of this case. For considerations of uniformity, and because the ALJ's decision came under the old versions, the court retains the old nomenclature in its analysis.

6

requires the ALJ to determine whether the claimant's impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 §§ 404.1520(d), 416.920(d).  If the impairment meets or equals a listed impairment, the claimant is presumptively disabled.  *Ferraris*, 728 F.2d at 584.  If the claimant is not presumptively disabled, Step Four requires the ALJ to consider whether the claimant's Residual Functional Capacity (RFC) precludes the performance of his past relevant work.  20 C.F.R. §§ 404.1520(e), 416.920(e).  At Step Five, the ALJ determines whether the claimant can do any other work.  20 C.F.R. §§ 404.1520(f), 416.920(f).

The claimant has the burden of showing that he cannot perform past relevant work.  *Ferraris*, 728 F.2d at 584.  However, once the claimant meets that burden, benefits can only be denied by showing, with specific reference to medical evidence, that the claimant can perform some less demanding work.  *See White v. Sec'y of HHS*, 910 F.2d 64, 65 (2d Cir. 1990); *Ferraris*, 728 F.2d at 584.  In making this showing, the ALJ must consider the claimant's RFC, age, education, past work experience, and transferability of skills, to determine if the claimant can perform other work existing in the national economy.  20 C.F.R. §§ 404.1520(f), 416.920(f); *see New York v. Sullivan*, 906 F.2d 910, 913 (2d Cir. 1990).

7

In this case, the ALJ found that Smith satisfied Step One because he had not worked since January 1999. (Tr. 18).[3]  In Step Two, the ALJ determined that Smith's disc bulges in his lumbar spine and degenerative disc disease constituted severe impairments. *Id.*  In Step Three, the ALJ determined that his impairments failed to meet or equal a combination of impairments listed in, or medically equal to, one listed in Appendix 1, Subpart P, Regulations No. 4. *Id.*  In Step Four, the ALJ determined that Smith did not have the RFC to perform his past relevant work. *Id.*  In Step Five, the ALJ determined that Smith had the RFC for light duty work with the ability to change positions as needed. *Id.*  Consequently, he found Smith not disabled and denied benefits.

## C. Treating Physician Rule

Smith contends that the ALJ ignored the opinions of several treating physicians in reaching his decision.  More specifically, Smith argues that the ALJ improperly weighed the evidence regarding the severity of his back condition.

A treating source is defined as a psychologist, physician or other acceptable medical source who has provided treatment or evaluation and

---

[3] "(Tr.)" refers to the page of the Administrative Transcript in this case.

8

has an ongoing treatment relationship with the individual.  20 C.F.R. §§ 404.1502, 416.902.  The opinion of a treating physician is given controlling weight if it is based upon well-supported, medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence.  20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see Schaal v. Apfel*, 134 F.3d 496 (2d Cir. 1998).  An ALJ may not arbitrarily substitute his own judgment for a competent medical opinion.  *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999).  If the treating physician's opinion is not given "controlling weight," the ALJ must assess several factors to determine how much weight to afford the opinion.  The factors are: the length of the treatment relationship, the frequency of examination by the treating physician for the condition(s) in question, the medical evidence supporting the opinion, the consistency of the opinion with the record as a whole, the qualifications of the treating physician, and other factors tending to support or contradict the opinion.  20 C.F.R. §§ 404.1527(d)(2)-(6), 416.927(d)(2)-(6).

Moreover, the "ultimate finding of whether a claimant is disabled and cannot work is 'reserved to the Commissioner.'"  *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (citation omitted).  "That means that the Social

9

Security Administration considers the data that physicians provide but draws its own conclusions." *Id.* Thus, a treating physician's disability assessment is not determinative. *Id.* Furthermore, where the evidence of record includes medical source opinions that are inconsistent with other evidence or are internally inconsistent, the ALJ must weigh all of the evidence and make a disability determination based on the totality of that evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

Here, Smith contends that the ALJ ignored the opinions of several treating physcians. More specifically, Smith contends that the ALJ failed to take into account the opinions of Drs. Kovi, McCormack, Cromwell and VanUitert, which established the severity of his back condition. This contention is misplaced. The ALJ's decision was based on substantial evidence because the physicians above were not Smith's treating physicians but instead saw Smith on a limited basis. While the evidence offered on behalf of these physicians shows that Smith's back condition was severe, they do not amount to a finding of disability.

Moreover, ample evidence exists to support the ALJ's decision. The ALJ predominantly relies on the opinions of Dr. Wohl and Dr. George Wooton. Dr. Charles Wohl, Smith's treating physician, opined in the most

10

recent MRI evaluation on record that Smith had degenerative disc disease with multiple disc bulges but no evidence of herniation. (Tr. 15, 185-186). Dr. Wooton, a consulting physician,[4] opined that Smith could engage in activities which require sitting, standing, lifting, but carrying and handling small objects may be more difficult. (Tr. 149). The ALJ further noted that in November 1999, Smith was being conservatively treated for his back problems. He also noted that a MRI taken the following year showed no disc herniation or significant nerve damage. (Tr. 16). Given the medical record, the ALJ's decision was supported by substantial evidence.

### D.   Subjective Complaints of Pain

Smith contends that the ALJ failed to properly consider his claims of disabling pain. He specifically argues that the ALJ wrongly characterized his ability to do household chores as evidence that he was not disabled.

The Commissioner is obligated to evaluate all of a claimant's symptoms, including pain, and the extent to which those symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529(a), 416.929(a). The ALJ must

---

[4]The ALJ also cited the opinion of State Agency physician, Dr. Deborah Bostic, who opined that Smith was indeed capable of performing light work. (Tr. 162).

11

perform a two-step analysis.  *See* 20 C.F.R. §§ 404.1529, 416.929; *see also Crouch v. Comm'r, Soc. Sec. Admin.*, 6:01-CV-0899, 2003 WL 22145644, at *10 (N.D.N.Y. Sept. 11, 2003) (citation omitted).  First, based upon the objective medical evidence, the ALJ must determine whether the impairments "could reasonably be expected to produce the pain or other symptoms alleged ...."  20 C.F.R. §§ 404.1529(a), 416.929(a); *see Crouch*, 2003 WL 22145644, at *10.  "Second, if the medical evidence alone establishes the existence of such impairments, then the ALJ need only evaluate the intensity, persistence, and limiting effects of a claimant's symptoms to determine the extent to which it limits the claimant's capacity to work."  *Crouch*, 2003 WL 22145644, at *10 (citing 20 C.F.R. §§ 404.1529(c), 416.929(c)).

Furthermore, a plaintiff may suffer some degree of pain as a result of a condition. However, some pain does not automatically translate into disabling pain.  *See Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983) ("disability requires more than mere inability to work without pain").  Moreover, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability."  *See* 42 U.S.C. § 423(d)(5)(A).

Where the alleged symptoms suggest that the impairment is greater than demonstrated by objective medical evidence, the ALJ will consider other factors. These factors include daily activities, the location, duration, frequency and intensity of symptoms, the type, effectiveness and side effects of medication, and other treatment or measures to relieve those symptoms. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); Social Security Ruling (SSR) 96-7p. "The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision." SSR 96-7p. Therefore, "[a]n [ALJ] may properly reject [subjective complaints] after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must [do so explicitly and] set forth his or her reasons with sufficient specificity to enable [the courts] to decide whether the determination is supported by substantial evidence." *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (internal quotation marks, citation omitted); *see Brandon v. Bowen*, 666 F. Supp. 604, 608 (S.D.N.Y. 1987). The pain must be properly evaluated, considering the applicant's credibility and motivation as well as the medical evidence of impairment to reach an independent judgment concerning the true extent of the alleged pain, and the degree to which it

13

hampers the applicant's ability to engage in substantial gainful employment. *See Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

Here, Smith contends that his pain was disabling and the ALJ mischaracterized his activities. This contention is without merit. The ALJ noted that Smith's conservative treatment, evidenced by the fact that he is not on any pain medication but intermittently takes Ibuprofen, is evidence that his pain had not reached a disabling level. (Tr. 17). The ALJ also noted that Smith is able to grocery shop with a friend, cook, vacuum, dust, mop floors, do laundry, change beds, go to the movies, go to the mall, run errands, bird watch and play cards. *Id.* While Smith may have some discomfort while doing some of these activities, the ALJ found that his symptoms are not so severe, intense or frequent, as to preclude light work. (Tr. 18). Accordingly, the ALJ's decision was based on substantial evidence.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED,** that the decision denying benefits is **AFFIRMED**; and it is further

**ORDERED,** that the Clerk of the Court serve a copy of this Order

14

upon the parties.

**IT IS SO ORDERED.**

November 18, 2005
Albany, New York

Gary L. Sharpe
U.S. District Judge